United States District Court
Southern District of Texas
**ENTERED**
April 01, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **ROBERTO SAAVEDRA OROZCO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:24-CV-00283** |
| | § | |
| **SBX LOGISTICS, LLC, and** | § | |
| **ARMANDO SANTIAGO, JR.,** | § | |
| | § | |
| **Defendants.** | § | |

### MEMORANDUM OPINION AND ORDER

Roberto Saavedra Orozco worked for Defendant Armando Santiago, Jr., and his trucking business, Defendant SBX Logistics, LLC ("SBX Logistics"). Orozco would mainly do "odd jobs," but as time went on, he claims that SBX Logistics and Santiago either reduced his wages or stopped paying him entirely. Orozco eventually quit and sought help from a church.

Orozco sued SBX Logistics and Santiago for (1) violations of the Fair Labor Standards Act and (2) breach of contract. (Dkt. No. 1). He served both Defendants, (Dkt. Nos. 6, 11), but neither SBX Logistics nor Santiago has answered or otherwise appeared in this litigation. Orozco therefore requested an entry of default from the Clerk. (Dkt. No. 12). The Clerk entered default against both Defendants on November 22, 2024. (Dkt. No. 13). Orozco then moved for default judgment, (Dkt. No. 15), which the Court denied for failure to serve SBX Logistics and Santiago with the Default Judgment Motion, (Dkt. No. 21). After serving the Default Judgment Motion Orozco filed a Renewed Motion for

Default Judgment.  (Dkt. No. 22).  For the following reasons, the Renewed Motion is **DENIED without prejudice** as to Santiago and **GRANTED** as to SBX Logistics.

## I.    BACKGROUND

In 2010, Plaintiff Roberto Saavedra Orozco began working for Defendant Armando Santiago, Jr., and his trucking business, Defendant SBX Logistics, LLC.[1]  (Dkt. No. 1 at 2).  Orozco did "odd jobs" for Santiago's trucking business, such as cutting grass, cleaning offices, washing trucks and trailers, painting, changing flat tires and vehicle oil, opening and closing the gate for incoming and outgoing trucks, preparing food, and washing dishes.  (*Id.* at 2–3).

Because of the nature of his work, Orozco was on call 24 hours a day and lived in a shed[2] just inside the truck yard.  (*Id.* at 3).  He regularly worked more than 40 hours per week and sometimes more than 80 hours.  (*Id.*).  Santiago and SBX Logistics allegedly promised to pay Orozco $150.00 per week for this labor.  (*Id.*).  They paid in cash, (*id.* at 4), but around 2011 or 2012, Orozco started receiving only $100 per week, (*id.* at 3).  Since that reduction, Orozco allegedly has received just $50.00 a week — or sometimes nothing at all.  (*Id.*).  In January 2024, Orozco claims that they stopped paying him altogether, leaving him with no money for food, which caused him to quit and seek help from a church.  (*Id.* at 3–4).

---

[1]    Santiago's first trucking company was S South Border Express, LLC, which was the predecessor to SBX Logistics.  (Dkt. No. 1 at 2).

[2]    Orozco described his 14-year stay in this shed as substandard because it lacked running water, a bathroom, cooking facilities, a sufficient lock, and adequate living space.  (Dkt. No. 1 at 3).

Orozco sued SBX Logistics and Santiago on July 12, 2024. (Dkt. No. 1). He brought two claims: (1) one under the Fair Labor Standards Act ("FLSA") and (2) one for breach of contract. (*Id.* at 8–9). He served SBX Logistics on August 14, 2024, (Dkt. No. 6 at 2), and Santiago on September 23, 2024, (Dkt. No. 11 at 2). Neither SBX Logistics nor Santiago has answered or appeared. Orozco requested an entry of default from the Clerk. (Dkt. No. 12). He also submitted a declaration which explained that neither SBX Logistics nor Santiago had served an answer, filed a responsive pleading, or contacted him about the case. (Dkt. No. 12-1). Based on this request, the Clerk entered default against both Defendants on November 22, 2024. (Dkt. No. 13). Orozco then moved for default judgment, (Dkt. No. 15), which the Court denied for failure to serve SBX Logistics and Santiago with the Default Judgment Motion. (Dkt. No. 21). After correcting this error, Orozco filed a Renewed Motion for Default Judgment. (Dkt. No. 22).

## II.    LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs the process for obtaining a default judgment. That process consists of three components: (1) a default, (2) an entry of default, and (3) a default judgment. "A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis in original). "An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise." *Id.* (emphasis in original) (citing Fed. R. Civ. P. 55(a)). And "a *default judgment*" is what results after the "defendant's default has been entered" and the plaintiff "appl[ies] for a judgment based on [the] default." *Id.* (emphasis in original).

Thus, obtaining the clerk's entry of default is a prerequisite to seeking default judgment. *Id.* Accordingly, when a party has not yet obtained the clerk's entry of default, that party's motion for default judgment must be denied. *See*, *e.g.*, *Allbrook v. Watkins*, No. 4:22-CV-03907, 2023 WL 10554580, at *1 (S.D. Tex. July 11, 2023) (collecting cases).

Even after obtaining the clerk's entry of default, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)). Instead, "the entry of default judgment is committed to the discretion of the district judge." *Mason*, 562 F.2d at 345. "Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party." *Axcess Glob. Scis., LLC v. Ozcan Grp., Inc.*, No. 4:23-CV-02704, 2024 WL 3259700, at *2 (S.D. Tex. July 1, 2024) (quoting *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-04194, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013)). That is because a default judgment is "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnotes omitted).

Once the clerk has entered default, the plaintiff must show that there is "jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)). Once a plaintiff proves jurisdiction, courts must then address three issues to determine whether a motion for default judgment is appropriate: "(1) if a default judgment is procedurally appropriate; (2) if the plaintiff has

4

presented a colorable claim; and (3) how to calculate damages or equitable relief." *Shinsho Am. Corp. v. HyQuality Alloys, LLC*, 694 F.Supp.3d 805, 816–17 (S.D. Tex. 2023).

## III.   DISCUSSION

Orozco asks the Court to enter a default judgment against SBX Logistics and Santiago and award $178,555.70 in damages, $870.20 in costs, and $11,120.00 in attorney's fees. (Dkt. No. 15 at 2). Because Orozco has failed to file an affidavit indicating Santiago's military status pursuant to 50 U.S.C. § 3931, a default judgment against Santiago is inappropriate. Default judgment against SBX Logistics, on the other hand, is appropriate because that requirement does not extend to business entities and because Orozco has satisfied the remaining default judgment requirements.

### A.   DEFAULT JUDGMENT AGAINST SANTIAGO

Default judgment against Santiago is not procedurally appropriate, despite Orozco serving the Default Judgment Motion on Santiago. Under the Servicemembers Civil Relief Act, when a defendant has failed to make an appearance, the plaintiff must also file an affidavit with the court "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit." 50 U.S.C. § 3931(a). If a plaintiff is unable to determine the defendant's military status, they must file an affidavit stating as much. *Id.* § 3931(b). Failure to do so will result in a denial of the motion for default judgment. *See Platter v. G Force Cement Works, LLC*, No. 4:19-CV-02012, 2019 WL 5748763, at *2 (S.D. Tex. Nov. 5, 2019).

While Orozco has certified that both defendants have been served with the Renewed Motion for Default Judgment, (Dkt. No. 21 at 1), the Servicemembers Civil

5

Relief Act requirement has not been met.  Orozco has not submitted an affidavit stating whether Santiago is in military service or not, nor has he submitted one stating that he is unable to determine as much.  He has presented no evidence regarding Santiago's military status.  On this record, default judgment against Santiago is inappropriate.

## B.    DEFAULT JUDGMENT AGAINST SBX LOGISTICS

Conversely, Orozco's Renewed Motion is procedurally appropriate as to SBX Logistics.  As a result, the Court considers whether Orozco has stated a colorable claim against SBX Logistics under the FLSA.[3]  The Court finds that he has presented such a claim, and thus is entitled to a default judgment against SBX Logistics.

### 1.    Procedural Appropriateness of Default Judgment

In determining the procedural appropriateness of a default judgment several factors are relevant: (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the plaintiff clearly established the grounds for default; (4) whether the default was caused by good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion.  *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).  The plaintiff must also "submit evidence showing that the defendant has been properly served with the summons, complaint, and the default judgment motion."  *McCarty v. Tacklife Inc.*, No. 6:22-CV-00037, 2024 WL 4028728, at *1

---

[3]    Orozco indicates in his Renewed Motion for Default Judgment that if the Court grants default judgment on his FLSA claim, he will voluntarily move to dismiss his breach of contract claim as the damages overlap.  (Dkt. No. 22 at 2).  Because default judgment is granted on the FLSA claim, the Court dismisses his breach of contract claim.

(S.D. Tex. Sept. 2, 2024); S.D. Tex. L.R. 5.5 ("Motions for default judgment must be served on the defendant-respondent by certified mail (return receipt requested).").

Unlike with Santiago, Orozco is not required to file an affidavit regarding SBX Logistics's military service because SBX Logistics is a limited liability company. *See Dillon v. Tushig, Inc.*, No. 4:24-CV-01253, 2024 WL 5294684, at *4 (S.D. Tex. Dec. 20, 2024), *report and recommendation adopted,* No. 4:24-CV-01253, 2024 WL 43586 (S.D. Tex. Jan. 7, 2025) (noting that a corporation is not a minor, incompetent person, or in military service). Thus, the lack of a Servicemembers Relief Act affidavit does not render Orozco's renewed motion procedurally inappropriate as it applies to SBX Logistics. The *Lindsey* factors determine the appropriateness of default judgment.

Here, the factors weigh in favor of entering default judgment. First, there is no fact issue because SBX Logistics has failed to file a responsive pleading. *Palafox v. Zamudio*, No. 5:22-CV-00073, 2023 WL 5173765, at *3 (S.D. Tex. June 12, 2023), *report and recommendation adopted*, No. 5:22-CV-00073, 2023 WL 5628606 (S.D. Tex. Aug. 31, 2023) (citing *Nishimatsu Const. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . ."). Second, the adversarial process has been brought to a halt and Orozco's interests are effectively prejudiced by SBX Logistics's failure to appear. *Ins. Co. of the W. v. H&G Contrs., Inc.*, No. 2:10-CV-00390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011) (citing *Lindsey*, 161 F.3d at 893). Third, SBX Logistics's failure to appear or respond establishes the grounds for default. *Palafox*, 2023 WL 5173765, at *3. Fourth, there is no evidence indicating that SBX Logistics's silence is the result of a good-faith mistake or excusable

7

neglect. *Id.* Fifth, the harshness of a default judgment is mitigated given that over 20 months have passed since the initiation of this case without an appearance by SBX Logistics. *Cf. J&J Sports Prods., Inc. v. Guerrero*, No. 5:17-CV-00092, 2018 WL 375391, at *2 (S.D. Tex. Jan. 11, 2018) (finding that the harshness of default judgment was mitigated by the defendant's failure to appear or respond in over eight months). Sixth, the Court is unaware of any facts that give rise to good cause to set aside the default if challenged. As a result, default judgment against SBX Logistics is procedurally appropriate.

### 2.   Whether Plaintiff has Presented a Colorable Claim

Next, the Court must determine whether Orozco has presented a colorable claim under the FLSA. "In a motion for entry of default judgment, the well-pleaded allegations in the complaint are assumed to be true." *Platter*, 2019 WL 5748763, at *2 (citing *Nishimatsu Constr.*, 515 F.2d at 1206). Nonetheless, a default judgment "must be 'supported by well-pleaded allegations' and must have 'a sufficient basis in the pleadings'" to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wooten v. MacDonald Transit Assocs.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu Constr.*, 515 F.2d at 1206). Under Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

A successful claim for unpaid overtime requires: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer

8

violated the FLSA's overtime-wage requirements; and (4) the amount of overtime compensation due. *White v. U.S. Corrs., LLC*, 996 F.3d 302, 309 (5th Cir. 2021).

Accepting Orozco's well-pleaded allegations as true, his Complaint alleges these elements. First, he alleges that Santiago hired him to work for his trucking business, S South Border Express, LLC (later SBX Logistics), "doing odd jobs at the truck depot yard, including cutting the grass, cleaning offices, painting, . . . changing flat tires, changing oil," among other things. (Dkt. No. 1 at 2–3). Second, he alleges that SBX Logistics was an enterprise covered by the FLSA because SBX Logistics has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and because its "annual gross volume of sales made or business done of not less than $500,000." (*Id.* at 7) (alleging that Orozco and other employees "handled goods and materials that had been moved in or produced for interstate commerce, including but not limited to paint, paint brushes, landscaping tools, tires, motor oil, and cleaning products"); *see also* 29 U.S.C. § 203(s)(1)(A)(i)–(ii). Finally, Orozco alleges that since 2010 he was paid a weekly rate that ranged from $150 to nothing at all, an amount well below the federal statutory minimum wage, despite consistently working more than 40 hours a week. (Dkt. No. 1 at 3–4); 28 U.S.C. § 206(a)(1)(C) (setting the federal minimum wage at $7.25 an hour, or $290 per week). Orozco has thus pled a prima facie case for unpaid overtime.[4]

---

[4]    These same allegations also make a prima facie case for unpaid minimum wages given that Orozco's maximum weekly pay ($150) was less than the statutory minimum wage under 29 U.S.C. § 206(a)(1)(C).

### 3.    Calculation of Damages

While Orozco has presented a colorable claim, he must still prove his damages. *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages.").   Orozco claims that he is entitled to unpaid minimum and overtime wages totaling $83,282.75 for the three years preceding the filing of this suit. (Dkt. No. 22 at 7–11).  He also seeks the same amount in liquidated damages in addition to $870.20 in costs and $11,120 in attorney's fees.  (*Id.* at 9–11).

As an initial matter, "FLSA claims are subject to a two-year statute of limitations, however the limitations period is three years for willful violations."  *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 248 (5th Cir. 2016) (citing 29 U.S.C. § 255(a)).  Thus, Orozco can only recover unpaid minimum and overtime wages for a two-year period unless his Complaint alleges a willful violation of the FLSA.  An employer willfully violates the FLSA if it "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 1681, 100 L.Ed.2d 115 (1988).  Willful violations can occur when employers grossly underpay their employees.  *See, e.g.*, *Ramos v. Al-Bataineh*, No. 4:11-CV-00380, 2013 WL 10372446, at *5 (S.D. Tex. Nov. 1, 2013), *aff'd*, 599 F.App'x. 548 (5th Cir. 2015) (per curiam) (finding that an employer who paid his employee between $300 and $400 a week despite working 92 hours a week willfully violated the FLSA because of the "egregious level of under-compensation").   Further, a failure to "make adequate inquiry into whether conduct is in compliance with the Act" or a failure to maintain proper payment records

10

constitutes reckless disregard for the law that can establish a willful violation. *See White v. Patriot Erectors, LLC*, No. 1:20-CV-00884, 2023 WL 4084511, at *6 (W.D. Tex. June 20, 2023) (citing 5 C.F.R. § 551.104); *see also Ramos v. Al-Bataineh*, 599 F.App'x 548, 551 (5th Cir. 2015) (per curiam).

The Court finds that SBX Logistics, through its owner Santiago, willfully violated the FLSA. Orozco's Complaint alleges that he was severely underpaid; at most, he received $150 a week despite regularly working over 80 hours a week. (Dkt. No. 1 at 3–5). Other times, Orozco was only paid $100 or $50 a week or not paid at all. (*Id.* at 3–4). Moreover, the Complaint alleges SBX Logistics only ever paid Orozco in cash and failed to keep adequate payment records, (*id.* at 4), which suggests SBX Logistics had an under-the-table employment approach. These allegations, taken as true, are sufficient to establish that SBX Logistics acted with reckless disregard as to whether it was paying Orozco in accordance with the FLSA. This constitutes a willful violation of the statute. *McLaughlin*, 486 U.S. at 133, 108 S.Ct. at 1681. Orozco is therefore entitled to three years of unpaid wages.

Because Orozco was paid below the lawful minimum wage, he is entitled to the difference between his actual pay and the lawful minimum wage. *See* 29 U.S.C. § 216(b). In addition, he is also entitled to overtime pay for any week he worked over 40 hours. *Id.*; § 207(a)(1). This pay is calculated "at a rate not less than one and one-half times the regular rate at which he is employed." *Id.* § 207(a)(1). An employee's regular rate cannot be lower than the federal minimum wage outlined in the FLSA. 29 C.F.R. § 778.5. As a result, Orozco's overtime wages are calculated at a rate of 1.5 times the federal minimum

wage.[5]  After reviewing Orozco's Wages Damages Table, (Dkt. Nos. 22-2, 22-3), the Court is satisfied that it accurately calculates the wages owed.  Moreover, Orozco's affidavit, (Dkt. No. 22-1), constitutes "sufficient evidence to show the amount and extent of [hours] work[ed] as a matter of just and reasonable inference."  *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515 (1946); *Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317, 1331 (5th Cir. 1985) (stating that testimony of hours worked based on personal knowledge is sufficient evidence under *Anderson*).[6]  The Court therefore awards Orozco the unpaid damages calculated in the Table totaling $83,282.75.[7]

Orozco also requests liquidated damages equaling the amount of unpaid wages. (Dkt. No. 22 at 9).  The FLSA allows plaintiffs to recover an amount equal to their unpaid wages as liquidated damages.  29 U.S.C. § 216(b).  This award is limited, however, "if the employer shows . . . that the [FLSA violation] was in good faith and that he had reasonable grounds for believing that [the violation] was not a violation of the [FLSA]." 29 U.S.C. § 260.  SBX Logistics has failed to respond or appear in this case, and therefore, has not shown that its violations were in good faith.  Accordingly, the Court concludes that Orozco is entitled to liquidated damages in an amount equal to his lost wages.

---

[5]    The federal minimum wage is $7.25; therefore, Orozco's overtime wages are calculated at a rate of $10.88.

[6]    In the absence of adequate records, Orozco can prove his unpaid hours worked using a conservative approximation.  *See U.S. Dep't of Labor v. Five Star Automatic Fire Prot., LLC*, 987 F.3d 436, 445–46 (5th Cir. 2021).

[7]    While Orozco's Complaint alleges that there were times where he was paid only $50 a week, (Dkt. No. 1 at 3), his damages calculations take a "conservative approach" given the lack of proper documentation and calculates missing pay as if he was consistently paid $100 a week, (Dkt. No. 22 at 9); *see also Five Star Automatic*, 987 F.3d at 445–46 (holding that a "conservative approach" to estimating unpaid time in the absence of records is permissible).

Finally, Orozco requests attorney's fees and costs associated with the prosecution of this case. (Dkt. No. 22 at 9–10). 29 U.S.C. § 216(b) allows for the recovery of reasonable attorney's fees and court costs. Orozco's counsel has provided a detailed report of the hours worked in this case by three attorneys: Nathaniel Norton, Lakshmi Ramakrishnan, and Maria Solis Kennedy. (*See* Dkt. Nos. 22-4, 22-5, 22-6). Counsel's records indicate that Mr. Norton and Ms. Ramakrishnan worked 11.3 hours and 1.8 hours respectively in this case at an identical rate of $550 an hour. (Dkt. No. 22-6). The Court finds these rates reasonable given Mr. Norton and Ms. Ramakrishnan's combined 40 years of experience and specialization in employment law. The records further indicate that Ms. Solis Kennedy worked 17.4 hours on this case at a rate of $225 an hour. (Dkt. No. 22-6). The Court also finds this rate reasonable. In addition, Orozco's counsel spent $870.20 on filing fees and service of process fees. (Dkt. Nos. 22-4 at 5, 22-7). Accordingly, the Court awards Orozco a total of $11,990.20 in attorney's fees and costs.

## IV.    CONCLUSION

For these reasons, Orozco's Renewed Motion for Default Judgment Against Defendants SBX Logistics, LLC and Armando Santiago, Jr., (Dkt. No. 22), is **DENIED without prejudice** as to Defendant Armando Santiago, Jr. and **GRANTED** as to SBX Logistics. Orozco shall have **until April 30, 2026 to file a renewed motion for default as to Santiago.**

The Court **AWARDS** Orozco the following amounts:

1) $83,282.75 in unpaid wages;

2) $83,282.75 in liquidated damages;

13

3) $870.20 in court costs;

4) $11,120 in attorney's fees; and

5) Post-judgment interest.[8]

It is SO ORDERED.

Signed on March 31, 2026.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

---

[8]   Post-judgment interest "is awarded as a matter of course." *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010) (citing 28 U.S.C. § 1961(a)).  Indeed, "district courts do not have the discretion to deny post-judgment interest on monetary judgments." *Paisano Cap. SA de CV v. 23 Tex. Produce, Inc.*, No. 3:19-CV-00852, 2019 WL 3239152, at *5 (N.D. Tex. July 18, 2019) (citing *Fairmont Specialty Ins. v. Apodaca*, 234 F.Supp.3d 843, 855 (S.D. Tex. 2017)).  The post-judgment interest rate is based upon the applicable federal rate. *See* 28 U.S.C. § 1961(a).